**SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP**
Todd M. Schneider (SBN 158253)
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: 415-421-7100
Facsimile: 415-421-7105
E-mail: tschneider@schneiderwallace.com

**BERGER & MONTAGUE, P.C.**
Lane L. Vines (*Pro Hac Vice* Anticipated)
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215-875-3000
Facsimile: 215-875-4604
E-mail: lvines@bm.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HENRY FRONDA, individually and on behalf of all others similarly situated, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| UBER TECHNOLOGIES, INC., Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Henry Fronda ("Plaintiff"), individually and on behalf of all other persons similarly situated, who by and through the undersigned counsel hereby submit this Class Action Complaint and Jury Demand against Uber Technologies, Inc. (hereinafter "Uber" or "Defendant") for compensatory and punitive damages, injunctive relief, equitable relief, and any other relief deemed just and proper arising from Defendant's violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C §227, *et seq.*

**NATURE OF CASE**

1.      Plaintiff brings this Class Action Complaint against Defendant to seek redress for Defendant's willful violations of the TCPA by sending and continuing to send unsolicited text messages to plaintiff's and other class members' cellular telephones through the use of an automatic telephone dialing system ("ATDS").[1]

2.      Defendant sent numerous unauthorized text messages to Plaintiff's cellular telephone with the aid of an ATDS for the purpose of soliciting and marketing their business to Plaintiff.

**JURISDICTION AND VENUE**

3.      This Court has original federal question and subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Plaintiff alleges and believes this action occurs under the laws of the Unites States, and that there are: i) 100 or more class members; ii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; iii) at least one member of the plaintiff class is from a different state than the defendant.

4.      Venue is proper under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.      At all times herein mentioned, Defendant conducted, and continue to conduct, a substantial amount of business activity and violated the TCPA, in whole or in part, in this judicial district. Defendant are registered to conduct business in this district, and engaged in interstate commerce when they sent unsolicited text messages to Plaintiff and Class Members when Defendant advertised and promoted their business deriving substantial revenue in this district.

---

[1] An automatic telephone dialing system is statutorily defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator and (B) to dial such numbers." 47 U.S.C §227(a)(1)

CLASS ACTION COMPLAINT

**PARTIES**

6.      Plaintiff Henry Fronda is a citizen of the State of California and resides in Sacramento, Sacramento County, California.

7.      Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business at 1455 Market Street, 4th Floor, San Francisco, CA 94103.

8.      Whenever in this complaint it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of a Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**LEGAL BASIS FOR COMPLAINT**

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.      Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

CLASS ACTION COMPLAINT

11.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.

12.     The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and all ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

13.     As of October 16, 2013, unless the recipient has given prior express written consent,[2] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

    a.   Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

    b.   Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

    c.   Prohibits solicitations to residences that use an artificial voice or a recording.

    d.   Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

    e.   Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

CLASS ACTION COMPLAINT

physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

     f.   Prohibits autodialed calls that engage two or more lines of a multi-line business.

     g.   Prohibits unsolicited advertising faxes.

     h.   Prohibits certain calls to members of the National Do Not Call Registry.

14.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## COMMON FACTUAL BACKGROUND

15.     Defendant is a company that provides a mobile application for individuals to request a vehicle to transport them to any destination.

16.     Defendant's operation is similar to the taxicab industry except on a cellular platform.

17.     In an effort to expand their operation and revenue, Defendant engages in mass marketing and solicitation of their driving service and phone application to people that have never used their service before.

18.     Defendant's marketing schemes utilize sophisticated telephone systems and software applications that send text messages *en masse* to individuals.

19.     Many individuals that receive these text messages never consented in any manner to such solicitations.

20.     Further, Defendant encourages both the promotion of their services and the active recruitment of individuals to join their company although individuals never personally request their offers or promotional information nor do they seek employment opportunities.

CLASS ACTION COMPLAINT

21.     In order to induce individuals to be responsive to their solicitations, Defendant often disguises the text message's origination by using methods that make the text message appear as if it is coming from a local phone number and may also include some form of personalization.

### FACTUAL BACKGROUND OF PLAINTIFF HENRY FRONDA

22.     Defendant contacted Plaintiff through text messages on his cell phone through the use of an ATDS, as defined by 47 U.S.C §227(a)(1), multiple times without first obtaining Plaintiff's express written consent.

23.     Plaintiff received the text messages as described herein on his current cell phone assigned a phone number ending in 2891.

24.     Plaintiff is the regular carrier and exclusive user of the cellular telephone that is assigned a phone number ending in 2891.

25.     Defendant contacted Plaintiff at least eleven times beginning on or around June 29, 2015 through at least May 6, 2016.

26.     One example of a text message to promote the application, from July 2, 2015, stated: "Share the love, friends & family who use the code RIDEJULY will also unlock a free first ride up to $20! They can download the passenger app by going to uber.com/app. Promo expires at the end of July."

27.     Plaintiff never provided his phone number to Defendant.

28.     Plaintiff never downloaded the Uber application on his cell phone.

29.     Notably since Plaintiff never used the Defendant's app, Defendant's text message on July 3, 2015 said: "Stay safe this weekend! In celebration of July 4th, all applicants will get $20 off their first trip as a passenger. Download the rider app at uber.com/app and enter the code RIDEJULY to unlock your free ride. Happy 4th!"

CLASS ACTION COMPLAINT

30.     Plaintiff never attempted to conduct business with Defendant in any manner.

31.     Plaintiff is unaware how Defendant obtained his contact information.

32.     Although Plaintiff wanted to stop the text messages from Defendant, there was no way for Plaintiff to stop the text messages or convey his desire to stop the messages to Defendant.

33.     Plaintiff understood the text messages' purpose was to solicit business from him and market Defendant's services to him.

34.     Defendant's text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

35.     Plaintiff did not provide Defendant prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

36.     The text messages Defendant sent to Plaintiff violate 47 U.S.C. § 227(b)(1).

37.     Plaintiff has reason to believe Defendant has sent text messages, and continues to send text messages, to thousands of wireless telephone customers to market its products and services without consent required by the TCPA.

38.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq*., which prohibits certain unsolicited voice and text messages to cell phones.

39.     On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a),

(b)(2), and (b)(3) on behalf of herself and the following classes defined as follows (the

"Class"):

> All individuals in the United States who received marketing and/or promotional text messages
>
> sent by or on behalf of Defendant to the individual's cellular telephone through the use of an
>
> automatic telephone dialing system or any other device having the capacity to dial numbers
>
> without human intervention, from October 13, 2013 to the date the Class is certified, where
>
> Defendant's records fail to indicate prior express written consent from the recipient to send
>
> such text messages.

41.     The following individuals are excluded from the Class: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries,

parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling

interest, and its current or former employees, officers, and directors; (3) Plaintiff's counsel and

Defendant's counsel; (4) persons who properly execute and file a timely request for exclusion from the

Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons

whose claims against Defendant have been fully and finally adjudicated and/or released.

42.     This suit seeks only damages, statutory penalties, and injunctive relief for recovery of

economic injury on behalf of the Class, and it expressly is not intended to request any recovery for

personal injury and claims related thereto.

43.     Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of

additional persons as warranted as facts are learned in further investigation and discovery.

CLASS ACTION COMPLAINT

44.     Plaintiff and members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members.

**Numerosity**

45.     The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear individual joinder is impracticable.

46.     On information and belief, Defendant sent thousands of text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant' records.

**Commonality**

47.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

48.     Common questions for the Class include, but are not necessarily limited to the following:

    a.   Whether Defendant's conduct violated the TCPA;

    b.   Whether Defendant systematically sent text messages to consumers who did not previously provide Defendant and/or its agents with prior express written consent to receive such text messages after October 16, 2013;

CLASS ACTION COMPLAINT

c.   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

d.   Whether Defendant systematically made text messages to consumers after October 16, 2013 (other than texts made for emergency purposes or made with the prior express written consent of the receiving party) using any automatic dialing system or pre-recorded voice to any telephone number assigned to a cellular phone service; and

e.   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

## Typicality

49.   Plaintiff's claims are typical of the claims of the other members of the Class.

50.   Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

## Adequacy of Representation

51.   Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.

52.   Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

## Superiority

53.   This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

CLASS ACTION COMPLAINT

54.     The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

55.     Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

56.     Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

57.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CLAIM FOR RELIEF

**Violations of the Telephone Consumer Protection Act, 47 U.S.C § 227**

58.     Plaintiff re-alleges each and every allegation of this Complaint contained in each of the previous paragraphs inclusive as if more fully set forth herein.

59.     Defendant sent unsolicited and unauthorized text messages using an ATDS to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Plaintiff Class Members.

60.     Defendant sent the text messages without prior express written consent of the Plaintiff and Plaintiff Class Members.

61.     Defendant acts and omissions constitute violations of the TCPA.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Plaintiff Class demands judgment against Defendant on each of the above- referenced claims, Cause of Action and as follows:

    a.    An order certifying this matter as a class action with Plaintiff as Class Representative

    b.    An order designating Berger & Montague, P.C. as Class Counsel;

    c.    An award of actual and statutory damages for each and every negligent violation to each member of the Plaintiff Class pursuant to 47 U.S.C §227(b)(3)(B);

    d.    An award of actual and statutory damages for each and every willful/and or wanton violation to each member of the Plaintiff Class pursuant to 47 U.S.C §227(b)(3)(B);

    e.    Injunctive relief prohibiting Defendant' conduct complained of herein, pursuant to 47 U.S.C §227(b)(3)(A);

    f.    An award of all possible statutory damages to each member of the Plaintiff Class pursuant to 47 U.S.C §227(b)(3)(C);

    g.    Pre-judgment interest on monetary relief;

    h.    Post-judgment interest on monetary relief;

    i.    An award of reasonable attorneys' fees and court costs in this action;

    j.    All other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

CLASS ACTION COMPLAINT

Dated:  September 28, 2016

**SCHNEIDER WALLACE**
**COTTRELL KONECKY**
**WOTKYNS LLP**

By: _____
Todd M. Schneider (Bar No. 158253)
Mark T. Johnson (Bar No. 76904)
Kyle G. Bates (Bar No. 299114)
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: 415-421-7100
Facsimile: 415-421-7105
E-mail: tschneider@schneiderwallace.com
E-mail: kbates@schneiderwallace.com

**BERGER & MONTAGUE, P.C.**
Lane L. Vines (*Pro Hac Vice* Anticipated)
1622 Locust Street
Philadelphia, PA  19103
Telephone: 215-875-3000
Facsimile: 215-875-4604
E-mail: lvines@bm.net

CLASS ACTION COMPLAINT